**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EXELA PHARMA SCIENCES, LLC,

    Plaintiffs,

    v.

ETON PHARMACEUTICALS, INC.,

    Defendant.

Civil Action No. 20-365-MN

**DEFENDANT ETON PHARMACEUTICALS, INC.'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO EXTEND THE SCHEDULING ORDER**

Timothy Devlin (DE 4241)
Neil A. Benchell (*pro hac vice*)
1526 Gilpin Avenue
Wilmington, DE  19806
(302)-449-9010
tdevlin@devlinlawfirm.com
nbenchell@devlinlawfirm.com

*Attorneys for Plaintiff
Eton Pharmaceuticals, Inc.*

Dated:   July 1, 2021

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1
II. Argument .............................................................................................................................. 1
    A. Exela's Late Document Production .............................................................................. 2
    B. Schedule Issue with Opening Expert Reports ............................................................... 3
    C. Attempt to Resolve the Issues ....................................................................................... 4
III. Conclusion ............................................................................................................................ 6

**I.     INTRODUCTION**

Defendant Eton Pharmaceuticals, Inc. ("Eton") by and through its counsel hereby move for entry of an Order in the form attached hereto extending discovery and other deadlines in the Scheduling Order issued by the Court on August 26, 2020 (D.I. 22). An extension to the schedule is required because Plaintiff Exela Pharma Sciences, LLC ("Exela") made multiple document production three weeks following the deadline for substantial completion of document production that more than doubled its then-current document production. It claims that it will complete its document production until the end of this week. Such a substantial document production so late in fact discovery will prejudice Eton's ability to complete discovery and prepare for depositions.

Moreover, as a result of Exela's Second Amended Complaint, the parties were required to schedule a second round of claim construction briefing for the newly added patents. As a result the claim construction hearing, and by extension the Court's ruling on claim construction, is not scheduled until after opening expert reports are to be served.

To resolve any prejudice to Eton for Exela's late document production, and to address the scheduling issue with opening expert reports, Eton proposes to extend the remaining schedule. Doing so will not impact the expiration of the 30-Month stay and therefore not prejudice either party.

**II.    ARGUMENT**

On March 16, 2020, Plaintiff Exela Pharma Sciences, LLC ("Exela") filed its original Complaint alleging infringement under 35 U.S.C. § 271(e)(2) of two U.S. Patents. (D.I. 1.) Eton timely responded on May 6, 2020. (D.I. 8.) Exela filed its Amended Complaint on July 28, 2020, alleging infringement of a third U.S. Patent. (D.I. 14.) Eton duly responded to the Amended Complaint on August 11, 2020. (D.I. 20.)

Exela then filed a Second Amended Complaint on April 14, 2021. (D.I. 70.) The Second Amended Complaint doubled the number of patents Exela accused Eton of infringing to six patents

in total.  Eton responded to the Second Amended Complaint with a Motion to Dismiss pursuant to Rule 12(b)(6).  (D.I. 78.)  That motion is still pending.

On August 26, 2020, this Court entered the proposed Scheduling Order.  (D.I. 22.)  Under that original Scheduling Order the deadline for substantial completion of document production was April 9, 2021.  On May 6, 2021, the parties stipulated to extend that deadline until June 1, 2021. (D.I. 85.)

On June 1, 2021, Eton produced over 140,000 pages in almost 7,000 documents thus substantially completing its document production.  For its part, Exela produced 28,489 pages in 4,208 documents on May 28, 2021.  Exela made a second production on June 2, the day after the deadline for substantial completion of document production, of 7,768 pages in 1,132 documents.  Thus, as of June 2, Exela had produced a total of over 117, 000 pages.

      A.     **Exela's Late Document Production**

On June 21, 2021—three weeks *after* the deadline for substantial completion of document production, and with just over one month remaining in fact discovery—Exela made, not one, but two additional document productions.  Exela's first production was of 171 pages in 7 documents.  These documents were limited to assignment documents recorded with the Patent and Trademark Office for a number of patents and patent applications.  All of these documents are dated from April 2021, before the June 1 deadline for substantial completion of document production, but the assignments themselves date back to 2019 and 2020.

More concerning was Exela's later production of over 151,400 pages in over 4,700 documents.  This second production alone more than doubled Exela's then-current document production by over 34,000 pages.  With this single late production, Exela produced more than it had produced in the previous year of this litigation.  And Exela's document production is not over.  In a June 23, 2021, email, Exela's counsel claimed that it would be making a final production "by

the end of next week." In other words, Exela will continue producing documents a full month after the deadline for substantial completion of document production and with less than a month remaining in discovery resulting in the majority of its document production being produced significantly after the deadline set by the Court and agreed to by the parties. These are not new documents that have just been created. The oldest is dated from 2015, and newest from January 2020, *before* Exela filed its original Complaint.

Had Exela made Eton aware that it intended to more than double its document production, the parties would have had more time to address this issue. However, Exela never informed Eton that it intended to make such a voluminous late production. Rather, it just started making these late productions with no warning whatsoever.

The prejudice to Eton is self-evident. Eton is forced to review this new voluminous document production with only a month remaining in discovery and depositions coming up quickly. These new documents concern all of the people Exela listed in its initial disclosures as people with relevant information. We can only presume there are untold documents from people that have additional information. But because of the pending discovery deadline, Eton does not have the luxury of determining who else should be deposed based on these newly produced documents given that the depositions are to be completed by July 30, 2021.

### B. Schedule Issue with Opening Expert Reports

In addition, Exela filed its Second Amended Complaint upon the completion of claim construction briefing for the first three asserted patents. At the Court's direction, the parties proposed deadlines for claim construction briefing for the newly asserted patents. (D.I. 75.) The Court adopted the parties suggested claim construction schedule on May 10, 2021. (*See* May 10, 2021, Oral Order Resetting Scheduling Order Deadlines.)

3

This new Scheduling Order, however, creates a problem that was not apparent at the time. The Order schedules the claim construction hearing on August 19, 2021, which is after opening expert reports are due on August 13, 2021. Thus, the experts will be opining on claim terms without the benefit of the Court's claim construction ruling. If not extended, this schedule will almost certainly necessitate a round of supplemental and rebuttal expert reports to address the Court's claim construction ruling.

### C. Attempt to Resolve the Issues

To address Exela's late document production, and the scheduling conflict with opening expert reports, the parties agreed to meet pursuant to Rule 7.1.1 on June 30, 2021. On June 26, 2021, well in advance of the meet and confer, Eton proposed moving all remaining dates by three months. (*See* Exhibit 1.)[1]

Exela remained silent until 15 minutes prior to the June 30 meet and confer when it sent a letter appearing to blame Eton for Exela's late document production. (*See* Exhibit 2.) The letter also proposed an alternative schedule which, among others, explicitly excluded moving the depositions of Exela's witnesses, notwithstanding that it was Exela who more than doubled its document production and continues to produce documents up to a month after the deadline for substantial completion of document production. (*See id.*)

During the June 30, 2021, meet and confer, the parties discussed ways of resolving the scheduling problem. To that end, and based on Exela's recommendation, Eton proposed that all dates move by six weeks. Eton subsequently reduced this proposal to writing in a letter to Exela the very same day. (*See* Exhibit 3.) Although Eton believes more time is appropriate, it was willing to consider moving all dates by six weeks to amicably resolve the issue. But Exela flatly

---

[1] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Neil Benchell in Support of Defendant's Motion to Extend the Scheduling Order.

4

refused to consider Eton's proposal saying, "we will not agree to a schedule that releases the current trial date." (Exhibit 4.)

Exela's concern over the trial date is misplaced. Even with Eton's proposed three-month extension of the schedule, trial could be held well before the 30-month stay expires on August 3, 2022. Of course scheduling trial would be completely up to the Court.

To resolve the prejudice caused by Exela's late voluminous document production, and to ensure that expert reports will not conflict with a claim construction ruling, Eton proposes the following amendments to the schedule with all other dates remaining as they are:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Final Supplementation of, *inter alia*, identification of all accused products and all invalidity references | Friday 7/2/2021 | Friday 9/17/2021 |
| Close of Fact Discovery | Friday 7/30/2021 | Friday 10/29/2021 |
| Parties to Serve Opening Expert Reports | Friday 8/13/2021 | Friday 11/12/2021 |
| Claim Construction Hearing | Thursday 8/19/2021 | No Change |
| Parties to Serve Rebuttal Expert Reports | Friday 9/10/2021 | Friday 12/10/2021 |
| Parties to Serve Reply Expert Reports | Friday 10/08/2021 | Friday 1/7/2022 |
| Close of Expert Discovery | Friday 11/05/2021 | Friday 2/4/2022 |
| Last Day to File *Daubert* Motions | Friday 11/19/2021 | Friday 2/18/2022 |
| Rebuttal *Daubert* briefs | Friday 12/10/2021 | Friday 3/11/2022 |
| Reply *Daubert* briefs | Thursday 12/23/2021 | Friday 3/25/2022 |
| Parties to File Joint Proposed Pretrial Order | Friday 2/11/2022 | Friday 5/13/2022 |
| Pretrial Conference | Monday 2/28/2022 at 1:00 | To Be Determined by the Court |
| Trial (5-day Bench Trial) | Monday 3/07/2022 | To Be Determined by the Court |

5

## III. CONCLUSION

For the foregoing reasons, Eton Pharmaceuticals, Inc. respectfully requests that the Court enter an order extending the remaining schedule.

Dated: July 1, 2021  DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
(302)-449-9010
tdevlin@devlinlawfirm.com

Neil A. Benchell (admitted *pro hac vice*)
nbenchell@devlinlawfirm.com

*Counsel for Defendant*
*Eton Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 1, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                */s/ Timothy Devlin*
                Timothy Devlin