

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**VIA CM/ECF**

Gregory R. Booker
Principal
booker@fr.com
+1 302 652 5070  direct

August 24, 2022

The Honorable Maryellen Noreika
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Exela Pharma Sciences, LLC v. Eton Pharmaceuticals, Inc.*
           Civil Action No. 1:20-365-MN

Dear Judge Noreika:

Pursuant to the Court's order dated August 8, 2022 (D.I. 245), and the stipulation entered on August 22, 2022 (D.I. 248), the parties have conferred but have not reached agreement on the final judgment. Exela, therefore, separately submits its own proposed judgment.

Eton's latest proposal would have required Exela to agree to "stay" the enforcement of paragraph (5) of the proposed judgment—which directs FDA to withdraw final approval status of Eton's ANDA until expiration of the patents, pursuant to 35 U.S.C. § 271(e)(4)(A)—to after the appeal of this matter. Exela cannot agree to that proposal. The injunction against FDA approval of Eton's ANDA until a date not later than the expiration of the patents is mandatory under the statute. Here, because Eton's ANDA was already approved, this relief is accomplished by the Court ordering FDA to withdraw final approval and reset the effective date of approval to January 15, 2039, the expiration date of the patents-in-suit. *See In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1367-68 (Fed. Cir. 2008). A stay of this statutory relief is not warranted.

In addition, Eton will not agree to an injunction under 35 U.S.C. § 271(e)(4)(B) unless Exela agrees to the aforementioned "stay," which is improper for the reasons noted above. The injunction under 35 U.S.C. § 271(e)(4)(B) is warranted and necessary in this case, at a minimum because FDA has already granted final approval of Eton's ANDA and it is unclear when FDA will act to revoke that final approval status. While Eton previously agreed that it would not launch its product before the Court issued its opinion (D.I. 237), and the current ANDA owner DRL stated that it had "no intention to market its product prior to August 8, 2022" (D.I. 243), there is no injunction in place to prevent Eton and DRL from launching before FDA resets the final approval date, and no commitment from Eton and DRL not to launch. As Exela explained in its briefing on its motion for temporary restraining order (D.I. 215-218, 226-227), a generic launch would lead to significant irreparable harm, and the other injunction factors also strongly favor injunctive relief. Eton did not substantively respond to any of these points. (D.I. 223; D.I. 226.)



Page 2

Finally, Eton's proposed judgment also improperly limits the judgment of infringement to infringement under 35 U.S.C. § 271(e).  Eton has, however, stipulated that the proposed product as described in ANDA No. 214082 induces and contributes to the infringement of claim 27 of the '155 patent under 35 U.S.C. § 271(b) and (c).  (D.I. 201.)  Eton has provided no explanation for limiting the infringement judgment only to § 271(e).

Exela therefore respectfully requests that the Court enter Exela's proposed judgment to immediately effectuate the mandatory remedy under §271(e)(4)(A) and the permissive remedy under § 271(e)(4)(B), thereby preventing irreparable harm to Exela and any further waste of judicial and party resources.

Respectfully submitted,

*/s/ Gregory R. Booker*

Gregory R. Booker (#4784)

cc:   Clerk of the Court (via CM/ECF)
      Counsel of Record (via CM/ECF)